[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant Lopez moves to strike two counts of the plaintiff Starr's revised complaint alleging that Lopez acted recklessly in this motor vehicle accident case. Specifically, Lopez contends that the plaintiffs allegations in both Count Two purportedly alleging a cause of action pursuant to Gen. Stat. § 14-295, and in Count Three which seeks punitive damages under the common law for reckless behavior are insufficient to support those causes of action.
The purpose of a motion to strike "is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). For the purposes of a motion to strike the facts alleged in the subject pleading are deemed to be true and are construed in the Light most favorable to the pleader. Faulkner v. United Technologies Corp.,240 Conn. 516 (1998). However, legal conclusions and opinions are not necessarily admitted. Id.
The defendant's motion raises issues which have been often litigated in the Superior Court, but not determined by any Connecticut appellate court. In Count Two the plaintiff seeks double or treble damages pursuant to Gen. Stat. § 14-295 which provides that in any civil action for damages,
 "the trier of fact may award double or treble damages if the injured party has specifically pleaded that CT Page 15126 another party has deliberately or with reckless disregard operated a motor vehicle in violation of Section 14-218a . . . 14-222 . . . and that such violation was a substantial factor in causing . . . injury, death or damage to property."
The many Superior Court decisions on the issue of the sufficiency of allegations required to seek double or treble damages are split between those which hold that a pleading complying with the minimum requirements of § 14-295 is sufficient and those which require a pleading to allege specific facts showing reckless behavior See e.g. Schwartz v.Great Future Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, CV 00-0180067 (April 20, 2001, D'Andrea, J.) (collecting cases). This court has considered both lines of cases and is persuaded that the language of § 14-295 clearly sets forth what is required to sustain a claim for double or treble damages, and if the stated pleading requirements of that statute are met the pleading is sufficient. SeeDonahue v. Thomas, Superior Court, judicial district of Waterbury, DN 161182, (February 28, 2001 Rogers, J.); Nelson-Hiebogiannis v. Lee, Superior Court, judicial district of Stamford/Norwalk, CV 98 0167571 (May 17, 1999, Hiller, J.)
In Count Two the plaintiff Starr has alleged that the defendant Lopez, "with deliberate or reckless disregard of the rights of others" violated §§ 14-218a and 14-222 and that this conduct "was a substantial factor" in causing Starr's injuries. This pleading conforms with the dictates of § 14-295, and therefore, the motion to strike Count Two is denied.
In Count Three of her complaint, Starr seeks recovery for Lopez's reckless driving under the common law. Starr alleges that Lopez drove "at excessive speeds . . . with complete disregard for the safety of others . . . [t]he defendant's conduct was an extreme departure from ordinary care in a situation where a high degree of danger was present."
These allegations, even when construed in the light most favorable to Starr, are not sufficient to sustain a claim of common law recklessness. The allegations do not contain any statements of fact to sustain the legal conclusion that Lopez's conduct was an extreme departure from ordinary care. It is obvious that Starr is attempting to meet the legal standard of reckless behavior, see Dubay v. Irish, 207 Conn. 518, 533
(1988); however, the complaint must state facts from which the conclusion expressed can be drawn. The mere allegation of excessive speeds does not meet this threshold.
The motion to strike Count Three is granted. CT Page 15127